UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wingert and Associates, Inc.,

    Plaintiff,

v.                                    MEMORANDUM OPINION
                                        AND ORDER
                                        Civil No. 07-624

Berman Leather, Inc.

    Defendant.

_____

    Cynthia P. Arends, Halleland Lewis Nilan & Johnson for and on behalf of Plaintiff.

    Christopher K. Sandberg, Lockridge Grindal Nauen P.L.L.P. for and on behalf of Defendant.

_____

    This matter is before the Court upon Defendant's Berman Leather, Inc. ("Berman") motion to dismiss Plaintiff's Wingert and Associates, Inc. ("WAI") claims of tortious interference with contract and unjust enrichment.

Background

    WAI is an incorporated manufacturer's sales representative that contracts with various manufacturers to sell their products on commission. In turn, WAI

1

utilizes independent sub-sales representatives to sell the products in the marketplace for part of WAI's commission.

WAI and Berman entered into an oral agreement in January 2002, in which Berman agreed to pay WAI 15% commission on sales. This agreement did not have a termination date. In February 2006, Berman informed WAI that it was terminating their relationship effective immediately. Thereafter, Berman is alleged to have approached WAI's sub-sales representatives to sell its product on a direct basis - without WAI as the "middleman."

WAI brought suit against Berman claiming that Berman violated Minn. Stat. § 325E.37 by not giving WAI 180 days notice prior to termination. WAI has also asserted a claim for tortious interference with contract and unjust enrichment. With respect to the tortious interference claim, WAI alleges that "WAI has or had contractual relationships with its subreps that represented and/or sold the Berman product line prior to the termination of the sales representative agreement between WAI and Berman. Some of these agreements may have contained non-compete provisions." Complaint ¶ 25. Berman, by this motion, seeks dismissal of the state tort claims on the basis of collateral estoppel and failure to state a claim.

Berman asserts that in 2005, WAI brought essentially the same action against a different manufacturer, Paramount Apparel International ("Paramount").  Paramount moved for summary judgment, and the district court denied summary judgment on the statutory claim, and granted summary judgment as to the tortious interference and unjust enrichment claims.  Wingert & Assoc., Inc. v. Paramount Apprel Int'l, Inc., Civil No. 03-6451, 2005 WL 1355028 (D. Minn. June 7, 2005) (Sandberg Aff., Ex. 1).  With respect to the tortious interference claim, the court found that WAI had not proffered any evidence that any contract was actually breached.  Id. *4.  As to the unjust enrichment claim, the court found that WAI failed to prove that by hiring the subreps directly, Paramount gained something to which it was not entitled.  Id. *5.  The court further found that dismissal of this claim was appropriate as WAI failed to prove that Paramount's pursuit of the subreps was illegal or that there was a breach of contract.  Id.  Finally, the court determined that as there was no allegation of a quasi contract, dismissal was appropriate.  Id.  After a trial on the merits with respect to damages on the statutory claim, WAI appealed the district court's dismissal of its unjust enrichment claim, but not the tortious interference with contract claim.  Wingert & Associates, Inc. v. Paramount Apparel International,

3

Inc., 458 F.3d 740 (8th Cir. 2006). The Eighth Circuit affirmed the district court's dismissal of the unjust enrichment claim. Id.

Berman argues that the complaints in the Paramount case and this case are nearly identical, therefore collateral estoppel mandates dismissal of both the tortious interference and unjust enrichment claims.

Collateral estoppel prevents relitigation of an issue if the following elements are present:

> 1) the issue was identical to one in a prior adjudication; 2) there was a final judgment on the merits; 3) the estopped party was a party or in privity with a party in the prior adjudication; and 4) the estopped party was given a full and fail opportunity to be heard on the adjudicated issue.

Conwed Corp. v. Union Carbide Corp., 443 F.3d 1032, 1038 (8th Cir. 2006).

WAI asserts that collateral estoppel does not mandate dismissal of the tortious interference and unjust enrichment claims because in this case, there are allegations that Berman violated non-compete agreements that WAI had entered into with its subreps. The issue of non-compete agreements was not raised in the Paramount case.

In response, Berman acknowledges that the allegations concerning non-compete agreements were not included in the Paramount case. Berman asserts

that dismissal is nonetheless appropriate because the one sentence reference to non-compete agreements does not meet the minimum pleading requirements. Rather than alleging that the subreps were parties to non-competes, WAI alleges only that "some" of the agreements "may" have had non-compete provisions.

A claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief."  <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986).  When addressing a motion to dismiss, the Court takes all facts alleged in the complaint as true, and must construe the allegations in the complaint and reasonable inferences arising therefrom favorably to the Plaintiff.  <u>Westcott v. Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990).

With this in mind, the Court finds that WAI has sufficiently plead a tortious interference claim, as well as an unjust enrichment claim, that is based, in part, on alleged violations of non-compete agreements.  As Berman has conceded that the issue of non-compete agreements was not addressed in the <u>Paramount</u> case, the Court further finds that collateral estoppel does not mandate dismissal of the tort claims asserted in this case.

5

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 13] is DENIED.

Date: February 4, 2008

s / Michael J. Davis
Michael J. Davis
United States District Court

Civil No. 07-624